IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FIREMEN'S INSURANCE COMPANY OF         :
WASHINGTON DC,                         :
                                       :
                    Plaintiff,         :     Case No. 3:12-CV-18
                                       :
          v.                           :
                                       :
3 R ELECTRIC, INC.                     :
BRIAN HARDIMAN                         :     (Judge Richard P. Conaboy)
JOY HARDIMAN                           :
MICHAEL STASH                          :
VICTORIA STASH                         :
                                       :
                    Defendants.        :

---

MEMORANDUM

## I.   Background

On January 4, 2012, Plaintiff Firemen's Insurance Company of
Washington DC ("Plaintiff") filed a Complaint for Declaratory
Judgment (Doc. 1) pursuant to the Declaratory Judgments Act, 28
U.S.C. Section 2201.  There followed a months-long spate of motion
practice caused by the inability of Defendants 3 R Electric, Brian
and Joy Hardiman, and Michael and Victoria Stash ("Defendants") to
answer or otherwise respond to the Complaint in timely fashion.[1]
Suffice it to say that, consistent with the legal principles that
govern whether defaults may be lifted and answers filed out of
time, this Court determined that this matter could not properly be
resolved on merely technical grounds and the parties have been

---

[1] To date, no entry of appearance has been filed on behalf of Defendant 3 R Electric, Inc.

1

placed in a position where their dispute may be resolved on the merits. For the reasons discussed below, their dispute will be resolved in the Pennsylvania court system.

This action arises from claims for uninsured/underinsured motorist benefits made as a result of an automobile accident on June 28, 2011. In that accident, Plaintiffs Brian Hardiman and Michael Stash sustained injuries while in the course of their employment and operating a van owned by their employer, Defendant 3R Electric, Inc. Plaintiff's complaint states that Defendants Hardiman and Stash were struck by a second vehicle whose operator had driven it through a stop sign at the intersection of Orchard and Cedar Avenues in Scranton, Pennsylvania. (Doc. 1, Para. 16). Plaintiff further informs the Court that Defendants Hardiman and Stash are now attempting to recover uninsured/underinsured motorist benefits from a commercial auto insurance policy issued by Firemen's to 3R Electric, Inc. (Doc. 1, Para. 17). Plaintiff's contention is that there is no uninsured/underinsured motorist coverage available to Defendants pursuant to said Firemen's policy because those coverages were waived by one Francis R. Rogan acting on behalf of 3R Electric, Inc. (Doc. 1 Para. 17).

As a result of Firemen's assertion that there is no uninsured/underinsured motorist coverage under the applicable policy, the Defendants Hardiman and Stash filed separate lawsuits on or about October 17, 2011 in the Luzerne County Court of Common

Pleas. (Doc. 1, Para. 18). The Luzerne County actions named Berkely Mid-Atlantic Group, Firemen's claim administrator, and Richard Nichols, a Berkely Mid-Atlantic employee, as Defendants. Firemen's is not currently a party in the Luzerne County actions.

Defendants contend that the presumption of the existence of uninsured/underinsured motorist coverage is strong under Pennsylvania law and that the Pennsylvania Motor Vehicle Financial Responsibility Law, specifically 75 PA C.S. Section 1731, provides a specific form to be used to waive such coverage. That form, Defendants state, must be used without deviation or alteration. Defendants allege that copies of Section 1731 waivers supplied by and relied upon by Plaintiff relate to policies with different identifying numbers. This, Defendants contend, creates a factual question as to whether Section 1731 waivers had been executed with respect to the Firemen's policy in force on the date of the Defendants' accident. Defendants also make numerous counterclaims pursuant to various provisions of Pennsylvania law. With respect to these counterclaims, Plaintiff asserts that each must be dismissed pursuant to the Prior Pending Action Doctrine.

## II. Discussion.

Under the Declaratory Judgment Act "[i]n a case of actual controversy within its jurisdiction,...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking

3

such declaration, whether or not further relief is or could be sought." 28 U.S.C. Section 2201 (a). The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Company, 515 U.S. 277 (1995). The Supreme Court explained further that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Id. At 287 (internal quotations and citations omitted).

In the Third Circuit Court of Appeals it is well established that "'federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law.'" Dixon v. Progressive Northern Insurance Company, No. 02:08-CV-1010, 2008 WL 4072816, at 1 (W.D.Pa. August, 2008)(quoting Atlantic Mutual Insurance Company v. Gula, No. 02-4160, 2003 WL 22962947, at 2 (3d. Cir. 2003) (citing State Auto Insurance Companies v. Summy, 234 F.3d 131, 134-35 (3d. Cir. 2000). Although this Court "wields[s] broad and selective discretion in determining whether to entertain a declaratory action," James ex. Rel. James v. Richman, 465 F. Supp. 2d 395, 407-08 (M.D.Pa. 2006)(quoting Canal Insurance Company v. Paul Cox Trucking, No. 1:05-CV-2194, 2006 WL 2828755, at 2 (M.D.Pa., 2006) (internal quotations omitted), our

4

discretion is not unfettered.  Jurisdiction should be granted when the Court is faced with issues of "federal statutory interpretation, the government's choice of federal forum, an issue of sovereign immunity, or inadequacy of a state proceeding."  See Summy, 234 F.3d at 134.  Finally, and importantly here, a district court may decline jurisdiction sua sponte.[2]  Id. at 136.  Considering all these factors, we will exercise the discretion afforded us under the Declaratory Judgment Act and decline jurisdiction over this case.  The Third Circuit Court of Appeals has noted that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum."  Id. This is more particularly so where relevant state law is "firmly established".  Id.

**III. Conclusion.**

Having thoroughly reviewed all submissions in this matter, this Court concludes that it may not appropriately retain jurisdiction here.  We must be mindful of the Third Circuit's admonition against intruding into actions that are restricted to issues of state law.  The case law also indicates that we should be even more reluctant to exercise jurisdiction where, as in this case, the relevant state law is well-settled.  The parties do not allege that any novel issue of Pennsylvania Law is implicated.

---

[2] Defendants have not lodged any objection to proceeding in Federal Court.

Rather, the real issue is whether the Plaintiff's conduct conformed to the well-established procedure for executing a valid waiver of coverage under Pennsylvania law. Most significantly, none of the Summy factors are present in this case.

For all these reasons, we decline to exercise jurisdiction over this matter and dismiss this case. The litigants remain free to continue to litigate in the appropriate forum, the Luzerne County Court of Common Pleas. An appropriate Order follows.

DATED: October 19,2012_____

                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        UNITED STATES DISTRICT COURT